**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

––––––––––––––––

No. 20-1570

––––––––––––––––

JOSE GARCIA,
                                    Appellant
v.

SUPERINTENDENT FOREST SCI; DISTRICT ATTORNEY OF BERKS COUNTY;
ATTORNEY GENERAL OF PENNSYLVANIA

––––––––––––––––

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:17-cv-05249)
District Judge: Honorable Jan E. DuBois

––––––––––––––––

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 22, 2022

Before: BIBAS, MATEY, and PHIPPS, *Circuit Judges*

(Filed: April 19, 2022)

––––––––––––––––

**OPINION**[*]

––––––––––––––––

BIBAS, *Circuit Judge*.

Courts need not second-guess a defense lawyer's performance if it did not affect the

trial's outcome. Jose Garcia claims that his defense lawyer should have tried to keep his

––––––––––––––––

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

child victim from testifying. But she was probably competent to testify. And even without her testimony, the jury still would have credited all the other evidence against him. So we will affirm the denial of his habeas petition.

In 2006, Garcia sexually abused his girlfriend's five-year-old niece. One day, he was left to babysit her. When the girl's cousin bathed her later that night, the cousin noticed that the girl's genitals were "really, really red." App. 158. When asked about it, the girl was "nervous, scared." App. 159. After a few minutes, she opened up, telling her cousin that Garcia had penetrated her vagina with his finger. And over the next few days, she repeated that accusation to a doctor, a nurse, and police.

Garcia was not tried until seven years later. By then, the girl had forgotten some details of the assault. She was twelve, still young enough to need a hearing on her competency to testify. *Rosche v. McCoy*, 156 A.2d 307, 310 (Pa. 1959). Yet Garcia's lawyer never sought such a hearing.

At trial, the girl reiterated that Garcia had penetrated her with his finger. The emergency-room doctor, nurse, and investigators repeated what she had told them just after the assault. And both the cousin and doctor described the girl's genitals as red; the doctor said that they were swollen too. Though her hymen was intact, he added, that was still consistent with penetration. The judge instructed the jury that the crime of aggravated indecent assault required penetration, "however slight[]." App. 184. After hearing all this, the jury convicted Garcia.

On state habeas (PCRA), Garcia insisted that his trial lawyer was ineffective for failing to seek a competency hearing. The state courts rejected that claim. Garcia then raised the

claim again on federal habeas. But the magistrate judge recommended denying that claim, and the District Court did so. We granted a certificate of appealability on that claim and will now affirm.

Even if Garcia's lawyer performed deficiently by not seeking a competency hearing, the state courts reasonably found that this failure did not cause prejudice. *See* 28 U.S.C. §2254(d)(1)–(2) (requiring deferential review of state courts' findings of fact and application of "clearly established [f]ederal law"); *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (requiring proof of both deficient performance and prejudice).

For one, the girl was "apparent[ly] ab[le] to answer the questions posed with a reasonable degree of certainty." App. 348. True, she could not remember how long the assault lasted, whether she or Garcia said anything during the assault, and where she was when she told the police. But she retold the same basic story that she had told seven years earlier, so she probably would have passed a competency test. *See Rosche*, 156 A.2d at 310.

Plus, the girl's live testimony made no difference. Her repeated descriptions right after the assault, coupled with the testimony about her swollen, irritated genitalia, was "strong … evidence of [Garcia's] guilt." *Medina v. DiGuglielmo*, 461 F.3d 417, 430 (3d Cir. 2006). Her trial testimony added no more facts.

Garcia counters that if the girl had not testified, the jurors might not have believed her earlier statements. But she had made similar statements to several people. And they were corroborated by the doctor's and cousin's observations of her genitalia. Though Garcia attacked the credibility of those statements at trial, the jury still believed them. He does not persuade that those attacks would have succeeded without the girl's live testimony.

3

Because Garcia cannot prove a "substantial …likelihood of a different result," we will affirm the denial of habeas. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (internal quotation marks omitted).